UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMIE FRANCISCO,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-1553-P |
| VERSUS | JUDGE DRELL |
| STATE OF LOUISIANA<br>ATTORNEY GENERAL, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jamie Francisco ("Francisco"). ECF No. 1. Francisco is a pretrial detainee incarcerated at the Avoyelles Parish Jail in Marksville, Louisiana. Francisco complains about charges pending against him.

Because Francisco fails to allege that he has been deprived of a federally protected right by a person acting under color of state law, he must AMEND his Complaint. ECF No. 1.

## I. Background

Francisco's Complaint is largely unintelligible. Francisco indicates that he was arrested in 2019 and charged with negligent homicide. *See* ECF No. 1 at 6. Later that year, the charge was enhanced to second-degree murder. *See* ECF No. 1 at 7. Francisco complains that his name was then placed in the Marksville newspaper. *See id.*

Francisco alleges that the state court has appointed a sanity commission. *See id.* He states that that the public defenders and Consulting Psychologist of Central Louisiana, Inc., wrongfully obtained his medical history. *See id.* at 7-8. Francisco argues that Defendants are biased and unethical. *See id.* at 8.

Francisco asks for a "full expungement" and a "full pardon" of all indictments, bills of information, and allegations, as well as monetary damages from all parties. *See id.* at 9.

## II. Instructions to Amend

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Statements in a complaint are not plain when they are not clear and understandable. *See Ibrahim v. Bernhardt*, 19-CV-0101, 2020 WL 94877, at *4 (E.D. La. Jan. 8, 2020).

To state a civil rights action under § 1983, a plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Because the nature of Francisco's claims cannot be discerned from his Complaint (ECF No. 1), Francisco

2

must amend his Complaint to provide a description of how each Defendant violated his constitutional rights.

III. Conclusion

IT IS ORDERED that Francisco amend his Complaint (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 31st day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE