UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMIE FRANCISCO,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-1553-P |
| VERSUS | JUDGE DRELL |
| STATE OF LOUISIANA,<br>ATTORNEY GENERAL, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jamie Francisco ("Francisco"). ECF Nos. 1, 11. Francisco is a pretrial detainee incarcerated at the Avoyelles Parish Jail in Marksville, Louisiana. Francisco alleges that he was wrongfully charged with numerous crimes, and was defamed by a local newspaper. He names as Defendants the Louisiana Attorney General, the Attorney General's Office, the Avoyelles Parish District Attorney's Office, the Avoyelles Parish Grand Juries, the Office of Child and Family Services, the City of Marksville Police Department, the Marksville Weekly Newspaper, the Avoyelles Parish Coroner's Office, and Consulting Psychologists of Central Louisiana.

Because Francisco's claims are frivolous and meritless, his Complaint and Amended Complaint (ECF Nos. 1, 11) should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Although his Complaint is largely incoherent, Francisco states that he was arrested in 2018 for violations of Louisiana Revised Statute 14:43 (third degree rape) and 14:81 (indecent behavior with juveniles). *See* ECF No. 1 at 5. Francisco claims the charges were dismissed. *See id.*

Francisco alleges that he was arrested in 2019 and charged with domestic abuse battery and negligent homicide. *See* ECF No. 1 at 6. Later that year, the charge was enhanced to second-degree murder. *See* ECF No. 1 at 7. Francisco complains that his name was then placed in the Marksville newspaper. *See id.*

Francisco alleges that the state court has appointed a sanity commission. *See id.* He alleges that the public defenders and Consulting Psychologist of Central Louisiana wrongfully obtained his medical history. *See id.* at 7-8. Francisco seems to complain that the Defendants are all biased and unethical. *See id.* at 8.

Francisco asks for a "full expungement" and a "full pardon" of all indictments, bills of information, and allegations, as well as monetary damages from all parties. *See id.* at 9.

II.  Law and Analysis

    A.  Francisco's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Francisco is a pre-trial detainee who has been allowed to proceed *in forma pauperis*. ECF No. 5. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per*

2

*curiam*); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Because Francisco is proceeding *in forma pauperis*, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B.    <u>Francisco cannot obtain a "full expungement," "full pardon," or dismissal of all indictments, bills of information, and allegations through a § 1983 suit.</u>

A prisoner may not challenge the validity of a state criminal proceeding in a § 1983 suit. Such a claim must be raised in a petition for writ of habeas corpus. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). However, a prisoner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b).

    C.    <u>The Attorney General's Office, District Attorney's Office, Grand Jury, Office of Family and Child Services, City of Marksville, and Parish Coroner's Office cannot be held liable for Francisco's claims.</u>

Francisco names the "State of Louisiana Attorney General Office" as a Defendant. First, the Louisiana Attorney General's Office and the Louisiana Attorney General, in his official capacity, enjoy Eleventh Amendment immunity in a § 1983 action. *See Hamilton v. Foti*, 372 F. App'x 480, 485–86 (5th Cir. 2010); *Hultberg v. State*, No. 97–3577, 1998 WL 30288, at *4 (E.D. La. Jan. 28, 1998). A claim against a state official in his official capacity is essentially a claim against the

state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, the Eleventh Amendment generally bars suits by private parties against a state in federal court regardless of the relief sought. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (*en banc*). Therefore, the Louisiana Attorney General cannot be liable in his official capacity.

Moreover, in a § 1983 suit, government officials, such as the Attorney General, may not be held liable under a theory of respondeat superior or vicarious liability. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Francisco presents no allegations involving the Louisiana Attorney General, so he cannot be held liable in his individual capacity.

Francisco also names as a Defendant the Avoyelles District Attorney's Office. Louisiana law does not permit a district attorney's office to be sued in its own name. *See* La. Const. art. V, § 24. Rather, it requires that the claim be brought against the district attorney in his official capacity. *See Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999). Regardless, even if Francisco had named the District Attorney as the Defendant, prosecutors enjoy absolutely immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.* "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability

4

only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation and citation omitted).

Next, Francisco sues the "grand juries" of the 12th Judicial District Court. Francisco presents no factual allegations involving the grand jurors. Regardless, complaints about the alleged actions of state grand jurors are frivolous, as grand jurors are entitled to the protection of absolute immunity for actions performed in the course of their official duties. *See Imbler v. Pachtman*, 424 U.S. at 422 n. 20 (recognizing the acceptance of grand juror immunity as a common law principle in this nation); *Marrero v. City of Hialeah*, 625 F.2d 499, 507 (5th Cir. 1980) ("The prosecutor's immunity is derived from the absolute immunity accorded judges and grand jurors. . . ."), *cert. denied*, 450 U.S. 913.

Francisco names the Department of Children and Family Services as a Defendant, but presents no articulable allegations against that entity. Nonetheless, the Louisiana Department of Children and Family Services, a branch of the state government and "arm of the state," is entitled to state sovereign immunity. *See Peter-Takang v. Sonnier*, 663 F. App'x 315, 318 (5th Cir. 2016) (citations omitted) (extending sovereign immunity to Department of Children and Family Services); *Hall v. Evans*, 14-CV-0801, 2014 WL 5040742, at *3 (E.D. La. Oct. 8, 2014) (citations omitted).

Next, Francisco names the City of Marksville Police Department as a Defendant. City police departments are not proper defendants or entities capable of being sued. *See Montoya v. Taylor*, 44 F.3d 1005 n. 1 (5th Cir. 1995) (citing *Darby v.*

5

*Pasadena Police Dept.*, 939 F.2d 311, 313–14 (5th Cir. 1991)); *Melancon v. New Orleans Police Dep't*, 08-CV-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009).

Francisco mentions an autopsy in connection with the homicide charge, but he provides no allegations of constitutional violations by the Avoyelles Parish Coroner's Office. Municipal entities can be sued under § 1983 only when the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or was taken pursuant to a governmental custom, even if the custom was not officially approved. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). There is nothing in the Complaint that would support a claim against the Coroner's Office or the Coroner.

    D.    <u>Francisco's claim against the newspaper is frivolous.</u>

It appears that Francisco is attempting to sue the Marksville newspaper under § 1983 for publishing his arrest. To state a civil rights action under § 1983, a plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Francisco cannot show that the newspaper is a state actor. *See Lavergne v. Taylor*, 606 F. App'x 135 (5th Cir. 2014) (*per curiam*) (newspaper is not a state actor and did not act "under color of law" within the meaning of § 1983); *Griggs v. Sun*, 3-03-CV-0419, 2003 WL 21649965, at *2 (N.D. Tex. Mar. 31, 2003) (Corsicana Daily Sun is a private newspaper and not a state actor).

### E. Francisco fails to present an intelligible claim against Consulting Psychologists of Central Louisiana.

Finally, Francisco names as Defendant Consulting Psychologists of Central Louisiana. Francisco does not provide how he is entitled to relief from this private entity, and he presents nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Statements in a complaint are not plain when they are not clear and understandable. *See Ibrahim v. Bernhardt*, 19-CV-0101, 2020 WL 94877, at *4 (E.D. La. Jan. 8, 2020).

## III. Conclusion

Because Francisco's claims are frivolous and without merit, IT IS RECOMMENDED that the Complaint and Amended Complaint (ECF No. 1, 11) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 6th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE